UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-00933 DSF (DSR) Date: July 29, 2026

Title R.J. Kulick v. Smart and Final LLC, et al.

Present: The Honorable: Daniel S. Roberts, United States Magistrate Judge

| L. Krivitsky | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO SERVE SUMMONS AND COMPLAINT**

Plaintiff initiated the above-captioned case on January 26, 2026, by filing his complaint and paying the applicable filing fee. See Doc. No. 1. Since that time, however, Plaintiff has not prepared and requested the issuance of a summons, and accordingly has failed to serve the Defendants with the summons and complaint.

After filing a complaint, a plaintiff must prepare a summons on the official Court form (AO 440) and present it to the Clerk of Court for signature and seal. See Fed. R. Civ. P. 4(b); Local Civil Rule 4-1. The mandatory summons form AO 440 is available on the Court's website at www.cacd.uscourts.gov.

Once the Clerk signs and seals that completed summons form, the issued summons is returned to the Plaintiff for service on each Defendant. See Fed. R. Civ. P. 4(b). The Plaintiff is then responsible for having the summons and a copy of the complaint served on each named Defendant. See Fed. R. Civ. P. 4(c). The requirements for such service are stated in Federal Rule of Civil Procedure 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-00933 DSF (DSR) Date: July 29, 2026

Title R.J. Kulick v. Smart and Final LLC, et al.

Service of the summons and complaint must be completed within 90 days after the complaint is filed. If it is not, the Court "– on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed R. Civ. P. 4(m). The plaintiff must then file proof of such service with the Court. See Fed. R. Civ. P. 4(l).

Plaintiff Kulick has failed to file proof of service of the summons and complaint, and in fact has not yet even taken the steps necessary to obtain a summons from the Clerk which he could then have served (with a copy of the complaint) on Defendants. More than 90 days have passed since the filing of the complaint; thus, the Court must dismiss the case unless Plaintiff can show good cause for his failure to serve the Defendants with the summons and complaint.

Plaintiff is therefore ORDERED TO SHOW CAUSE **no later than August 18, 2026**, why this case should not be dismissed for failure to serve the summons and complaint on each of the named defendants. Plaintiff may comply with this Order by filing a sworn declaration on or before that deadline showing good reason(s) why he has failed to secure the summons and serve defendants, and when he will do so. Alternatively, if plaintiff no longer wishes to continue this lawsuit he may file a request for dismissal without prejudice.

FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER BY THE DEADLINE WILL RESULT IN A RECOMMENDATION THAT THE CASE BE DISMISSED.

The Clerk is directed to send Plaintiff, with the service of this Order, a blank copy of the official form summons (form AO 440) that he may prepare and submit to the Court for issuance, and a blank copy of the form notice of dismissal (form CV-09) that Plaintiff can sue to dismiss the case without prejudice, if he wishes to do so.

**IT IS SO ORDERED.**

Enclosures: Summons in a Civil Action (form AO 440)
Notice of Dismissal (form CV-09)

:

**Initials of Preparer** LK